Thomas A. Gerber, OSB No. 741133
Email:  tom.gerber@tnslaw.net
Brent G. Summers, OSB No. 824060
Email:  brent.summers@tnslaw.net
150 SW Harrison Street, Suite 200
Portland OR 97201
Phone:  503.968.9000
Fax:  503.968.9002

Of Attorneys for Thomas A. Huntsberger,
Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| | |
|---|---|
| In re: | ) Case No. 12-63884-tmr7 |
| | ) |
| Berjac of Oregon, | ) Adv. Proc. No. _____ |
| | ) |
| Debtor. | ) COMPLAINT |
| _____ | ) |
| | ) (Avoidance and Recovery of |
| Thomas A. Huntsberger, Trustee of the | ) Preferential Transfers - 11 USC §547) |
| Chapter 7 Bankruptcy Estate of Berjac of | ) |
| Oregon, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| DON BROWN & ASSOCIATES, an assumed | ) |
| business name of D. BROWN AGENCIES, | ) |
| INC., an Oregon corporation, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.   This court has jurisdiction over this proceeding pursuant to 28 USC §§ 157(b)(1)

and 1334(a), as this is a core proceeding under 28 USC § 157(b)(2)(A).  Venue properly lies

in this judicial district pursuant to 28 USC § 1409(a) because this is a civil proceeding

arising in and/or related to the Chapter 7 (formerly Chapter 11) case currently pending in the

Eugene Division of the United States Bankruptcy Court for the District of Oregon.

**Page 1 of 5 – COMPLAINT (Avoidance and Recovery of
Preferential Transfer - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2372 001 llv complaint.doc\Thomas
A/8/28/2014-1*

2.   This adversary proceeding arises in the case of *Berjac of Oregon,* U. S. Bankruptcy Court Case No. 12-63884-tmr7, under Chapter 7 of Title 11.  Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 31, 2012 and the case was converted to one under Chapter 7 on October 2, 2013.

## PARTIES

3.   Plaintiff, Thomas A. Huntsberger (the "Plaintiff"), is the duly qualified and appointed Chapter 7 Trustee in the above-captioned bankruptcy estate.

4.   Defendant Don Brown & Associates (the "Defendant") is an Oregon assumed business name of D. Brown Agencies, Inc., an Oregon corporation.  At all relevant times, Defendant was an entity for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

## ALLEGATIONS COMMON TO ALL CLAIMS

5.   Plaintiff is informed and believes, and on that basis alleges, that the Debtor made transfers of property to the Defendant on or within ninety (90) days prior to the Petition Date, that is, from June 2, 2012 through and including August 30, 2012, in the form of payments for the benefit of Defendant, including, but not limited to, the specific transfers described in paragraph 11 below (the "Pre-Petition Transfers").

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers Pursuant to 11 USC § 547(b))

6.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 5 as though fully set forth herein.

7.   The Pre-Petition Transfers were transfers of monies by the Debtor, and thus constitute transfers of interests of the Debtor's property.

8.   Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2372 001 llv complaint.doc\Thomas
A/8/28/2014-1*

Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant.

9.   Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers were made while the Debtor was insolvent.  Moreover, pursuant to 11 USC § 547(f), the Debtor is presumed to have been insolvent at the time of each of the Pre-Petition Transfers.

10. Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers, if validated, would enable the Defendant to receive more than the Defendant would have received had the transfers not been made and had the Defendant received distribution from the estate pursuant to the Bankruptcy Code.

11. The following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| Date | Num | Name | Amount | Total |
|------|-----|------|--------|-------|
| 06/14/2012 | 4055 | DON BROWN | $1,531.00 | |
| 06/06/2012 | 4038 | DON BROWN & ASSOCIATES | 2,447.53 | |
| 06/13/2012 | 4054 | DON BROWN & ASSOCIATES | 448.80 | |
| 06/25/2012 | 4085 | DON BROWN & ASSOCIATES | 9,752.58 | |
| 07/25/2012 | 4150 | DON BROWN & ASSOCIATES | 8,206.45 | |
| 07/25/2012 | 4143 | DON BROWN & ASSOCIATES | 504.89 | |
| 08/15/2012 | 4210 | DON BROWN & ASSOCIATES | 8,953.38 | |
| 08/24/2012 | 4229 | DON BROWN & ASSOCIATES | 2,509.78 | |
| 08/29/2012 | 4244 | DON BROWN & ASSOCIATES | 1,065.78 | $35,420.19 |

12. Interest on the Pre-Petition Transfers has accrued and continues to accrue from the date each of the Pre-Petition Transfers were made at the legal rate of interest until paid.

## SECOND CLAIM FOR RELIEF

### (For Recovery of Property Pursuant to 11 USC § 550)

13. Plaintiff realleges and incorporates herein by reference each and every allegation

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2372 001 llv complaint.doc\Thomas
A/8/28/2014-1*

contained in paragraphs 1 through 12 as though fully set forth herein.

14. As alleged above, Plaintiff is entitled to avoid the Pre-Petition Transfers under 11 USC § 547(b). Credits for the new value defense have been allowed. As the Defendant is the initial transferee of the Pre-Petition Transfers, or the individual or entity for whose benefit the Pre-Petition Transfers were made, or is or are the immediate or mediate transferee of the initial transferee receiving such Pre-Petition Transfers, or any of them, Plaintiff is entitled to recover for the estate the proceeds or value of the Pre-Petition Transfers under 11 USC § 550.

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

A. **On Plaintiff's First Claim for Relief**: For judgment that the Pre-Petition Transfers are avoidable as preferential transfers under 11 USC § 547(b).

B. **On Plaintiff's Second Claim for Relief**: For judgment that the estate is entitled to recover the Pre-Petition Transfers or the value thereof under 11 USC § 550.

C. **On Plaintiff's First and Second Claims for Relief**:

1. Awarding judgment to Plaintiff in the net amount of the Pre-Petition Transfers after the credit for the new value defense in the principal amount of $35,420.19; plus

2. Pre-judgment interest on the principal amount of the Pre-Petition Transfers at the legal rate of interest as permitted by law from the date of each transfer through the date judgment is entered; plus

3. Plaintiff's costs and disbursements incurred herein; plus

4. Post-judgment interest on the principal amount of the Pre-Petition Transfers awarded at the legal rate of interest permitted by law from the date judgment is entered until paid in full; and

/////

**Page 4 of 5 – COMPLAINT (Avoidance and Recovery of Preferential Transfer - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2372 001 llv complaint.doc\Thomas*
*A/8/28/2014-1*

     5.   For such other and further relief as the Court deems just and proper.

Dated this 28th day of August, 2014.

                    TARLOW NAITO & SUMMERS, LLP


                    /s/Brent G. Summers
                    Brent G. Summers, OSB No. 824060
                    Of Attorneys for Trustee

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2372 001 llv complaint.doc\Thomas*
*A/8/28/2014-1*